UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE G. HASH,<br><br>Plaintiff,<br><br>v.<br><br>M. GIACOMAZZI, et al.,<br><br>Defendants. | Case No. 20-01116 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against numerous prison staff at San Quentin State Prison ("SQSP") and other individuals. Dkt. No. 1. After an initial screening, the Court dismissed the complaint with leave to amend for Plaintiff to attempt to correct deficiencies with respect to some of the claims and to file other claims as a separate habeas action. Dkt. No. 11. Plaintiff filed an amended complaint. Dkt. Nos. 15, 15-1.

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff's amended complaint is 124 pages long and names 109 Defendants.  Dkt. Nos. 15, 15-1.  The amended complaint is accompanied by 175 pages of exhibits.  Dkt Nos. 15-2, 15-3.[1]  Plaintiff sets forth 4 claims.

**1.     Claims 1, 2, and 4 - Disciplinary Proceedings**

Under claim 1, Plaintiff claims that he received inadequate notice in connection with five Rules Violation Reports ("RVR") that were issued by Defendant M. Giacomazzi in February 2016, involving allegations that Plaintiff was the author of threatening notes against staff members and their families.  Dkt. No. 15 at 12.  He claims his right to due process was violated because the RVRs did not indicate the date, time or place where the alleged misbehavior took place.  Id.  Plaintiff seeks declaratory relief and damages.  Id. at 21-23.  Under claim 2, Plaintiff also claims he was denied his right to procedural due process based on the use of unreliable confidential and non-confidential information.  Dkt. No. 15-1 at 24, 27.  Plaintiff alleges that he lost time credits as a result of the disciplinary proceedings that found him guilty of the charges.  Id. at 26.  Under claim 4, Plaintiff

---

[1] Plaintiff's original complaint was over 100 pages long, included 109 Defendants, and was supported by 179 pages of exhibits.  Dkt. Nos. 1, 1-1.

2

challenges another RVR for "possession of a deadly weapon" issued by Defendant Giacomazzi on March 5, 2016, based on procedural due process violations. Id. at 54, 56, 58. The Court notes that in the original complaint, Plaintiff alleged that the guilty finding for this RVR also resulted in the loss of time credits. Dkt. No. 1 at 91-92; Dkt. No. 1-1 at 175. Plaintiff seeks declaratory relief and damages. Dkt. No. 15-1 at 70-72.

In the initial screening order of the original complaint, the Court noted that under claims 1, 2, and 4, Plaintiff was alleging due process violations in connection with disciplinary proceedings that resulted in the revocation of good time credits. Dkt. No. 11 at 2-3. Plaintiff was advised that a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." Id. at 3, citing Skinner v. Switzer, 562 U.S. 521, 525 (2011). Accordingly, the Court advised Plaintiff that the claims challenging the RVRs should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. Id. Lastly, Plaintiff was also advised that he may only pursue a claim for damages in connection with the unlawful deprivation of time credits if he prevails on the habeas action challenging the revocation of those credits. Id. at 4, citing Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). The Court therefore dismissed the claims challenging the RVRs that resulted in the loss of time credits without prejudice to filing as a separate habeas action under 28 U.S.C. § 2254. Id. at 7.

In the amended complaint, Plaintiff is again raising the same due process claims challenging the same RVRs as in the original complaint, which were dismissed by the Court in its screening order. Dkt. No. 11 at 7. Accordingly, claims 1, 2, and 4 in the amended complaint are again DISMISSED without prejudice to Plaintiff pursuing in separate habeas actions.

**2.     Claim 3 - Retaliation**

Under claim 3, Plaintiff claims prison staff took adverse action against him for filing lawsuits, appeals, and staff complaints in order to retaliate against him. Dkt. No. 15

3

at 32, 47-50. Specifically, Plaintiff claims that on February 4, 2016, Defendants M. Giacomazzi, P. G. Hannah, C. Bass, and C. Fry searched his cell based on Plaintiff filing inmate appeals, staff complaints, and lawsuits against law enforcement officers. Id. at 37. Plaintiff claims Defendants threatened to put him "in the hole" and transferred to another prison. Id. at 38, 40. Plaintiff claims that later that same day, Defendants Sgt. D. Petrovic, Lt. Daryl Dorsey, and Giacomazzi threatened to and did move him to the Adjustment Center ("AC"), where they housed death row inmates for disciplinary matters. Id. at 41. Plaintiff seeks declaratory relief, damages, and for the challenged RVRs (as described in the above claims) be expunged and removed from his file. Id. at 51-53. Liberally construed, Plaintiff's allegations are sufficient to state a retaliation claim against Defendants Giacomazzi, Hannah, Bass, Fry, Petrovic, and Dorsey. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). The Court also takes supplemental jurisdiction over Plaintiff's assertion of state law claims. Dkt. No. 15-1 at 32. However, Plaintiff's request for expungement and removal of the challenged RVRs must be made in the habeas actions challenging the RVRs as discussed above. Accordingly, that portion of his request for relief is DISMISSED.

### 3. Excessive Force

Plaintiff claims that during the cell search on February 4, 2016, "Defendants Hannah and Giacomazzi used excessive force" on him while being handcuffed. Dkt. No. 15-1 at 37. Plaintiff provides no other description of their actions or why the force they allegedly applied was excessive. Id. The Court notes that in the original complaint, Plaintiff alleged that only Defendant Hannah intentionally handcuffed him too tightly in "retaliation for being the author of the threatening notes." Dkt. No. 11 at 6. Although the Court found no basis for a retaliation claim, Plaintiff was granted leave to amend to include a claim for excessive force "that is supported by sufficient factual allegations." Id. Plaintiff's single sentence allegation in the amended complaint is not sufficient to state an excessive force claim because he provides no factual allegations to indicate that the force

4

applied by Defendants was applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline.  Id., citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  Plaintiff was already granted one opportunity to amend to state an excessive force claim.  The Court finds no good cause to grant him another opportunity where the deficiencies from the original complaint remain the same and his attempt to state an excessive force claim is not made in good faith.  Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the excessive force claim shall be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Claims 1, 2, and 4 challenging the RVRs that resulted in the loss of time credits are **DISMISSED** without prejudice to filing as a separate habeas action under 28 U.S.C. § 2254.  Plaintiff is advised that the five RVRs challenged under claims 1 and 2, and the RVR challenged under claim 4 must be filed as **separate** habeas actions because they are based on separate and unrelated events.  Furthermore, the excessive force claim against Defendants Hannah and Giacomazzi is **DISMISSED** for failure to state a claim.

This action shall proceed solely on the retaliation claim against Defendants Giacomazzi, Hannah, Bass, Fry, Petrovic, and Dorsey as discussed above.  See supra at 4. **The Clerk shall terminate all other defendants from this action.**

2. The following defendants who worked at SQSP shall be served:
    a. **Correctional Officer M. Giacomazzi**
    b. **Sergeant Daryl Dorsey**
    c. **Lieutenant D. Petrovic**
    d. **C. Fry, Investigative Services Unit**

5

  e.  **P. G. Hannah, Investigative Services Unit**

  f.  **C. Bass, Investigative Services Unit**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

  3.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

  a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

6

Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

  b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

  5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

  6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  8. Discovery may be taken in accordance with the Federal Rules of Civil

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** 3/23/2021

EDWARD J. DAVILA
United States District Judge

\

Order of Partial Dism and of Service
PRO-SE\EJD\CR.20\01116Hash_svc&part.dism

8