UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE G. HASH,<br><br>    Plaintiff,<br><br>    v.<br><br>M. GIACOMAZZI, et al.,<br><br>    Defendants. | Case No. 20-cv-01116 EJD (PR)<br><br>**ORDER OF SERVICE ON NEW DEFENDANTS; DIRECTING NEW DEFENDANTS TO FILE MOTION TO JOIN PENDING SUMMARY JUDGMENT MOTION OR NOTICE OF INTENT TO FILE SEPARATE DISPOSITIVE MOTION; STAYING BRIEFING ON PENDING SUMMARY JUDGMENT MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against numerous prison staff at San Quentin State Prison ("SQSP") and other individuals. The amended complaint is the operative complaint in this matter. Dkt. Nos. 15, 15-1. The Court granted Plaintiff's motion to add back former Defendants, Chief Disciplinary Officer P. Covello, Captain J. Arnold, and Sgt. M. Nelson. Dkt. No. 103. The Court will order the matter served on these Defendants for their involvement in the 5 Rules Violations Reports which are the subject of this action, as alleged in Plaintiff's Supplemental Amendment. Dkt. No. 55.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendants at SQSP shall be served:

    a.    **P. Covello, Chief Disciplinary Officer**

    b.    **Captain J. Arnold**

    c.    **Sgt. M. Nelson**

1         Service on the listed defendant(s) shall proceed under the California Department of
2  Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from
3  prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve
4  on CDCR via email the following documents: the operative complaint and any attachments
5  thereto, (Dkt. Nos. 15, 15-1), the Supplemental Amendment (Dkt. No. 55), this order of
6  service, a copy of the court orders filed under Docket Nos. 28, 54, and 103, and a CDCR
7  Report of E-Service Waiver form.  The clerk also shall serve a copy of this order on the
8  plaintiff.
9         No later than 40 days after service of this order via email on CDCR, CDCR shall
10 provide the court a completed CDCR Report of E-Service Waiver advising the court which
11 defendant(s) listed in this order will be waiving service of process without the need for
12 service by the United States Marshal Service (USMS) and which defendant(s) decline to
13 waive service or could not be reached.  CDCR also shall provide a copy of the CDCR
14 Report of E-Service Waiver to the California Attorney General's Office which, within 21
15 days, shall file with the court a waiver of service of process for the defendant(s) who are
16 waiving service.
17        Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for
18 each defendant who has not waived service according to the CDCR Report of E-Service
19 Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205
20 forms and copies of this order, the summons and the operative complaint for service upon
21 each defendant who has not waived service.  The clerk also shall provide to the USMS a
22 copy of the CDCR Report of E-Service Waiver.
23        2.    In light of these new Defendants, briefing on Defendants' pending summary
24 judgment, Dkt. No. 80, is STAYED.  Plaintiff's current opposition deadline of March 8,
25 2024, shall be terminated.
26        3.    **No later than twenty-eight (28) days** from the date Defendants file their
27 waiver of service of process, Defendants shall file a motion to join the pending summary
28 judgment motion filed by the other Defendants in this action, Dkt. No. 80, or notice of

their intent to file a separate summary judgment motion or other dispositive motion.

If Defendants choose to file a <u>separate</u> summary judgment motion, they shall do so **no later than fifty-six (56) days from the date they file their notice of intent**.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4.    If Defendants file a motion to join the pending summary judgment motion, the Court shall extend the time for Plaintiff to file his opposition to that pending summary judgment.  The Court will set new briefing deadlines for Plaintiff's opposition (and Defendants' reply) upon the filing of Defendants' response.

If Defendants opt to file a <u>separate</u> summary judgment motion, Plaintiff's opposition to that separate dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** February 26, 2024

EDWARD J. DAVILA
United States District Judge